# HERKIMER COUNTY COURT.

JOHN CRISTMAN, Respondent agt. RICHARD O. PAUL and others, Commissioners of Highways of the town of Wilmurt, Appellants

A defendant applying for a second adjournment in a justice's court, must bring himself within the statute, and show affirmatively and satisfactorily, that he has used due diligence to obtain the attendance of the absent witness. An affidavit alleging that the witness was not within reach of the process of the court on the day the affidavit was made, is not sufficient. If the affidavit had alleged that the witness had been out of the reach of process since the last adjournment, it would be sufficient.

A mere *notice of appeal* without stating any grounds upon which the appeal is founded, is not sufficient. In such a case, the justice would not be bound to make his return. And if he did make it, the appeal on motion would be dismissed. And it is not sufficient for the notice to contain "a ground of error," or "grounds of error;" but it must state truly *the* grounds, and *all* the grounds upon which the appeal is *founded,* or upon which the appellant *relies.* (*See decision to the same effect in Derby* agt. *Hannin,* 15 *How.* 32.)

*It seems,* that the only remedy against commissioners of highways for not repairing highways, is by indictment, except that in a proper case, they might also be proceeded against by mandamus.

If a person can, in any case, sustain an action against such commissioners for damages sustained by a road negligently and wrongfully left out of repair by

Cristman agt. Paul and others.

them, it can only be when the damages sustained are special, and peculiar to the plaintiff; but it cannot be for such damages as are incident and common to all persons who may have occasion to travel on the road.

*Quere.* Whether in an action against commissioners of highways for damages for not repairing a highway, and in actions of this kind, it is not the same in a justice's court, as in the supreme court, that although the amount of damages claimed, ($100,) is not put in issue, (the defendants not denying the action,) still, the amount of damages must be proved? But whether this be so or not, the defendants, by not denying, do not in any view of the case admit only such damages, as on the face of the complaint they are legally liable to pay.

JOHN C. HARRIS, *attorney for respondent.*
J. H. WOOSTER, *attorney for appellants.*

EARL, County Judge. This action was brought against the defendants for a neglect of duty, in not repairing a certain highway, in the town of Wilmurt, in consequence of which the plaintiff sustained various damages. The defendants substantially put in issue the existence of the highway, but denied nothing else alleged in the complaint. The issue was joined on the 21st day of July, 1857; and by the consent of the parties, the cause was adjourned to August 1st, on which day the parties again appeared; and the defendants applied on an affidavit of the materiality of an absent witness, for a further adjournment of the cause. This application the justice refused, and the defendants then left the court, and the trial of the cause took place in their absence. The justice rendered judgment for the plaintiff for $75, besides costs. From this judgment the defendants have appealed to this court, and in their notice of appeal have alleged the following grounds of error, to wit:

(1.) "The court erroneously denied the application of the defendants to adjourn the cause.

(2.) "The judgment rendered in this cause is excessive.

(3.) "The judgment is against law and evidence."

I. I think the justice properly denied the application for an adjournment. The affidavit does not show the use of "due diligence" to obtain the absent witness. It alleges that

the witness was not within reach of the process of the court on the day the affidavit was made. But for anything that appears, the witness may have been a resident of this county, and within it down to the very day when the cause was tried. It does not appear how long he was absent from the county, or that any subpœna was taken out for him, or that any efforts were made to subpœna him. I concede that the affidavit would have been sufficient, if it had alleged that he had been out of the reach of process since the last adjournment. This it does not show, and it cannot be necessarily inferred. The defendant applying for a second adjournment must bring himself within the statute, and show affirmatively and satisfactorily that he has used due diligence to obtain the attendance of the absent witness.

II. The counsel for the appellants also alleged as error on the argument in this court, that the plaintiff was improperly sworn as a witness, for the reason that no notice of his intended examination had been served on the defendants, as required by § 399 of the Code as amended.

It will not be disputed that this is an error for which the judgment must be reversed if the appellants can avail themselves of it on this appeal. The counsel for the respondent, claims that they have waived this error by not inserting it among the grounds of error in the notice of appeal.

The Code (§ 353) provides that "the appellant shall, within twenty days after judgment, serve a notice of appeal, stating *the grounds upon which the appeal is founded.*" Section 354 provides that the notice shall be served on the justice and the opposite party. Section 360 provides that the justice shall "make a return to the appellate court, of the *testimony, proceedings and judgment.*" Section 365 provides that "the appeal shall be heard on the original papers." A mere notice of appeal, without stating the grounds upon which the appeal is founded, is not sufficient. In such a case the justice would not be bound to make his return. And if he did make it, the appeal would, on motion, be dismissed. And it is not sufficient for the notice to contain " a ground of error," " or grounds

Cristman agt. Paul and others.

of error;" but it must state *the* grounds upon which the appeal is *founded.* It cannot be said that the only object of the notice is to give the appellate court jurisdiction of the parties and the subject matter. For if this were all that was intended by the law makers, a simple notice of appeal, such as is used on appeals to the supreme court and the court of appeals, would have answered every purpose. In respect to these notices of appeals, their only office, undoubtedly, is to give the appellate courts jurisdiction. But it must be inferred that a notice of appeal from a justice's judgment which is required to contain the grounds of the appeal, has a further office to perform. When the law makers required the notice to contain " the grounds" of the appeal, they meant something. This requirement is clearly not surplusage, nor a mere idle form without purpose. In my opinion, the grounds are required to be stated for two purposes: (1.) That the justice may know the errors relied on, and thus be careful to return accurately and fully in reference to them; (2.) That the opposite party upon whom the notice is required to be served may know the errors complained of, and thus be enabled to compel by amended return, if necessary, a full and accurate return in reference to them, and that he may know beforehand the errors relied on, and thus be prepared for the argument of the appeal. It is easy to perceive that this provision, requiring the notice to contain the grounds of the appeal, is a wise and useful one in both of these aspects. Without such a provision, a party would frequently be obliged to go to the argument of the appeal without knowing what allegations of error he would have to meet, and with a return imperfect in reference to the errors alleged on the argument. In this very case, for instance, the notice of the examination of the plaintiff, may have been served, and proof of such service may have been made before the justice; and as the want of such a notice was not stated as one of the grounds of the appeal, and as the notice did not relate to the merits of the case, the justice may have omitted all mention of it in his return; and for the

Cristman agt. Paul and others.

same reasons, the respondent may have omitted to procure an amended return.

And if it is important and requisite that the notice of appeal should state the grounds of the appeal for the reasons above given, it is still more important that it should state all the grounds of the appeal, and state them truly. For if a party could state in his notice of appeal, some grounds, and then rely upon them and others also which were not stated; or if he could state grounds of appeal, all of which were false and untrue, and then on the argument rely upon grounds not stated, this part of the notice of appeal instead of answering a useful purpose, would only have a tendency to mislead the justice and the opposite party. I ask, then, why state the grounds of the appeal, if they are not all to be stated, and stated truly? If a party is not to state all his grounds of appeal, and state them truly, it would evidently be much better not to have them stated at all.

Hence I say the plain wording of the statute, as well as the reason upon which it is founded, requires that the appellant shall state in his notice of appeal, *the* grounds upon which he *relies;* and all the errors not fairly pointed out in the notice of appeal must be deemed to have been waived. Having placed upon the record the grounds upon which he asks to have the judgment reversed, he is estopped from taking any other grounds on the argument. He is in a position analogous to that of a party who has placed his objections to evidence, and exceptions to rulings, on certain specific grounds, and who, on a review of the objections and exceptions, is confined to the grounds thus taken.

Justice BACON, in *Webster* agt. *Hopkins,* (11 *How. Pr. R.* 140,) has arrived at a different conclusion from the one which I have here reached. He holds that the only office of the notice of appeal is to give the appellate court jurisdiction. He says, the notice of appeal " is no indispensable part of the papers upon which the appeal is to be heard in the court above; and it is no more necessary that it should appear in the printed case than the certificate of a justice of the supreme

court, without which no judgment can be reviewed by appeal from the county to the supreme court." From these views, I must respectfully dissent. The return must contain "the testimony, *proceedings* and judgment." The notice of appeal is one of the "proceedings" in the court below. All the proceedings must be returned, and this is one of them. If the justice should omit to return it, he could and would be compelled to do so. In this respect, then, the notice of appeal differs from the certificate of a justice of the supreme court. The certificate is no part of the judgment record upon which the appeal is to be heard. The notice of appeal *is a part of* the return, and as such, forms a part of the judgment record in the county court.

But if I am mistaken in this, and the notice of appeal is no part of the return, it will not affect the results which I have reached; for then the party upon whom the notice of appeal has been served, can produce it on the argument, and the court can look into it and see upon what grounds of error the appellant has planted himself, and confine him to them. The court would have the same right thus to look into the notice that it would have to look into a stipulation expressly waiving all the errors except those specified in it.

Justice BACON, in the same case, also holds that the only remedy of the respondent, when he claims that the notice of appeal is defective, is by a motion to dismiss the appeal. This remedy the respondent would undoubtedly have, if the notice of appeal contained *no* grounds of error. But he would not have this remedy, if the notice of appeal contained *any* grounds. In such a case, the only remedy which he would have, would be the one which I have pointed out, to wit: to confine the appellant on the argument to such grounds as are stated in the notice of appeal.

With great respect, therefore, for the learned judge who wrote the opinion in *Webster* agt. *Hopkins*, I cannot be bound by it as good authority in this case. The ground of error that the plaintiff in this suit was improperly sworn as a wit-

ness, not being found in the notice of appeal, is not available to the defendants here.

III. It is also claimed by the appellants that on the facts alleged in the complaint and proved on the trial, the plaintiff was not entitled to the judgment against them.

It is alleged in the complaint, that the defendants are commissioners of highways of the town of Wilmurt, and as such, are obligated to keep the highways and bridges in said town, in repair; that a certain highway, in said town, had been out of repair and wholly impassable, for three years; and that the defendants, although they had the means and power to repair the same, and although they had been notified and requested so to do, had wilfully, carelessly, negligently, and intentionally, neglected and refused to work and repair the same; that the said highway was the only highway leading to and from the plaintiff's farm in said town, and that by reason of the said neglect and refusal, the plaintiff had sustained great damage in his business of farming and teaming, by breaking and destroying wagons and other vehicles, injuring teams, inability to get off shingles and lumber, time and labor expended in passing to and from said farm by reason of insufficient roads, depreciation in the value of farm by reason of no road that was passable, and other injuries and damages, in all, to the amount of one hundred dollars.

All these allegations, except the existence of the highway, are not denied, and therefore admitted. On the trial, the plaintiff gave proof of the existence of the highway, and that the defendants had in their hands $600 applicable to highway purposes; and on the subject of damages, there was no proof except the evidence of the plaintiff, which is as follows: " Said road is impassable with teams; has been so for a year and a half; the commissioners had notice of its being impassable at different times; commissioners agreed to fix said road; the last time I talked with Alvin Paul, he said he would not do anything about it; said commissioners employed me for two years to find my own way out; that time expired one year and a half last June; they paid me fifty dollars per year; it had a good

---
Cristman agt. Paul and others.
---

deal of effect on me, for the reason that I could not get anything in or out, such as lumber or shingles; I broke my wagon and sleigh by reason of bad roads; had to expend a good deal of time and labor in working my way out, in consequence of the road being bad."

I am of the opinion that on the facts as alleged and proved, the plaintiff was not entitled to recover. There is no precedent to which I have been cited, or which I have been able to find, for the maintenance of such an action. If such actions are maintainable, they would have been of frequent occurrence, and many of them would have found their way into the reports; and the fact that the reports furnish no case of the kind, is all but conclusive authority, under the circumstances, that the action is not maintainable. (*See Bartlett* agt. *Crosier*, 17 *John*. 437; *Morey* agt. *The Town of Newfane*, 8 *Barb*. 645; *Hutson* agt. *The City of New - York*, 5 *Sandf*. 289, 319.) I think, too, from these cases, it is quite clear that the only remedy against commissioners of highways for not repairing highways, is by indictment, except that in a proper case, they might also be proceeded against by mandamus.

But if I am wrong in this view, and an individual can, in any case, sustain an action against commissioners for damages sustained by a road negligently and wrongfully left out of repair by them, it could only be when the damage sustained was special, and peculiar to the plaintiff; but it could not be for such damages as were incident and common to all persons who might have occasion to travel on the road. (*See Lansing* agt. *Smith*, 8 *Cow*. 146; *Butler* agt. *Kent*, 19 *John*. 223, 227; *The People* agt. *The Corporation of Albany*, 11 *Wend*. 540, 544.)

In this case, the only damage which the plaintiff can claim to be special and peculiar to himself, within the rule, is the breaking of his wagon and sleigh; and as to this, it is not alleged or proved what the amount of the damage was, and hence the recovery for it should have been merely nominal, and the judgment for $75, cannot be sustained.

It cannot be said that the defendants, by not denying, have

admitted the $100 damages alleged in the complaint. I am inclined to think that in a justice's court, as well as in the supreme court, in a case of this kind, the plaintiff, although the amount of damages claimed was not put in issue, would have to prove the amount of his damages. But whether this be so or not, the defendants, by not denying, have, in any view of the case, admitted only such damages, as on the face of the complaint, they were legally liable to pay, to wit: nominal damages. The $100 damages claimed in the complaint, was made up of items for the most of which the defendants were not, within the rule as above stated, liable.

The judgment of the justice must therefore be reversed